IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-96-FL-KS

| | | |
|---|---|---|
| TONICO HODGES *ex rel.* D.G.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| FRANK BISIGNANO, Commissioner of Social Security Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision of the Social Security Administration denying Plaintiff's application for supplemental security income ("SSI") for her minor child, D.G.H.[1] The parties have fully briefed the matter pursuant to the Supplemental

[1] A threshold issue raised in this case is whether Plaintiff should be allowed to proceed pro se on behalf of her minor child. "[N]on-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005). Courts have carved out a narrow exception to this general rule specifically for non-attorney parents representing their minor children in Social Security disability cases where the parent has a sufficient interest in the case and meets the standard of competence set forth in Social Security regulations governing non-attorney representatives. *See, e.g., Sechrist ex rel. V.S. v. SSA*, No. 4:20-CV-175-BO, 2020 WL 8085099, at *1 (first citing *Myers*, 418 F.3d at 401; and then citing *Lee v. Comm'r of SSA*, 639 F. App'x 951, 952 n.* (4th Cir. 2016) (per curiam)), *M. & R. adopted*, 2021 WL 92967 (E.D.N.C. Jan. 11, 2021). *See also* 20 C.F.R. § 416.1505(b) (SSI regulation governing non-attorney representatives).

Here, the sole argument on review is a challenge to the evaluation of a medical opinion pursuant to 20 C.F.R. § 404.1520c(b)(2). (Pl.'s Br. [DE #10] at 1.) This is a common argument made by attorneys in Social Security cases. Furthermore, while Plaintiff cites to the disability insurance benefits regulation for medical opinion

Rules for Social Security Actions, and this matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

## STATEMENT OF THE CASE

Plaintiff applied for SSI on behalf of her minor child D.G.H. on March 2, 2022. (R. 15, 133–34.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 15, 69, 85, 97–98.) A telephonic hearing was held on February 6, 2024, before Administrative Law Judge ("ALJ") Frederick W. Christian, who issued an unfavorable ruling on May 29, 2024. (R. 15–30, 48–68.) On March 27, 2025, the Appeals Council denied the request for review filed on behalf of D.G.H. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481. On May 27, 2025, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision. *See* 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the

---

evidence, there is no substantive difference between this regulation and the parallel SSI regulation, 20 C.F.R. § 416.920c(b)(2). *See Carr v. Saul*, 593 U.S. 83, 86 n.1 (2021). Even federal courts occasionally reference the incorrect parallel regulation. Having reviewed the record and considered the parties' arguments, the undersigned recommends that Plaintiff be allowed to represent her minor child in this SSI case.

application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

A person under the age of 18 is considered disabled under the Social Security Act if that person has a medically determinable physical or mental impairment which results in marked and severe functional limitations and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of twelve months or more. 42 U.S.C. § 1382c(a)(3)(C)(i). In assessing childhood disability claims, the Commissioner uses a three-step evaluation process. 20 C.F.R. § 416.924(a); *see also Bryant ex rel. Bryant v. Barnhart*, 63 F. App'x 90, 92–93 (4th Cir.

2003) (summarizing three-step evaluation process for child SSI claims); *Peterson ex rel. H.B. v. Astrue*, No. 7:10-CV-39-FL, 2011 WL 285564, at *2 (E.D.N.C. Jan. 26, 2011) (same and citing *Bryant*, 63 F. App'x at 92–93). The Commissioner asks, sequentially, whether the child: (1) is engaged in substantial gainful activity; (2) has a severe impairment; and (3) has a severe impairment that meets, medically equals, or functionally equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. 20 C.F.R. § 416.924(a)–(d); *Bryant*, 63 F. App'x at 93; *Peterson*, 2011 WL 285564, at *2. "The claimant has the burden of production and proof at each of the three steps." *Barnes ex rel. T.J. v Colvin*, No. 4:12-CV-254-D, 2014 WL 126039, at *1 (E.D.N.C. Jan. 13, 2014). To meet the requirements of a listing, a claimant must have a medically determinable impairment that satisfies all criteria for the listed impairment. 20 C.F.R. § 416.925(d). Diagnosis of an impairment is not sufficient by itself. *Id.*

Medical equivalence and functional equivalence are separate inquiries. *Compare* 20 C.F.R. § 416.926 *with* 20 C.F.R. § 416.926a; *see* Supplemental Security Income; Determining Disability for a Child Under Age 18, 65 Fed. Reg. 54747, 54755 (Sept. 11, 2000) (Commissioner explaining that the domains of functioning identified in the functional equivalence inquiry "are completely delinked from the mental disorders and other listings"). An impairment is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria" of any listing. 20 C.F.R. § 416.926(a). This standard is the same for both adults and children. *Id.* Functional equivalence is unique to child SSI claims and requires a showing of marked limitation

in two, or extreme limitation in one, domains of functioning identified by regulation. *See* 20 C.F.R. § 416.926a(a), (b)(1); SSR 09–1P, 2009 WL 396031, at *1 (Feb. 17, 2009).

## III. ALJ's Findings

Following the prescribed three-step process, the ALJ found at step one that D.G.H. has not engaged in substantial gainful activity since the application date. (R. 16.) At step two, the ALJ found that D.G.H. has the severe impairment of autism spectrum disorder. (*Id.*) At step three, the ALJ concluded D.G.H.'s impairment is not severe enough to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (*Id.*) The ALJ expressly considered Listing 112.10, which applies to autism spectrum disorder. (*Id.*) The ALJ also determined that D.G.H.'s impairment does not functionally equal the severity of any listing. (R. 18.) In reaching this conclusion, the ALJ concluded that D.G.H. does not have an extreme or marked limitation in any of the domains of functioning specified by 20 C.F.R. § 416.926a(b)(1). (*See* R. 19.) Accordingly, the ALJ found that D.G.H. has not been disabled under the Social Security Act since March 2, 2022, the date the application was filed. (R. 27.)

## IV. Plaintiff's Argument

Plaintiff contends the ALJ improperly discounted the medical opinion of Dr. Joshua Coltrain, M.D., by failing to explain how the supportability and consistency factors under 20 C.F.R. § [416.920]c(b)(2) were considered. (Pl.'s Br. [DE #10] at 1.) The Commissioner contends that (i) the record does not contain a medical opinion from Dr. Coltrain, (ii) the ALJ discussed and considered Dr. Coltrain's treatment notes and other treatment notes from the pediatrics practice where Dr. Coltrain

works, and (iii) the ALJ properly evaluated all opinions in the record. (Comm'r's Br. [DE #12] at 1–2.) The undersigned agrees with the Commissioner and therefore recommends that the Commissioner's decision be affirmed.

A medical opinion is defined by regulation as "a statement from a medical source about what [a claimant] can still do despite [the claimant's] impairment(s)." 20 C.F.R. § 416.913(a)(2). For a childhood disability claim, medical opinions concern "impairment-related limitations and restrictions in [the minor child's] abilities in . . . (A) [a]cquiring and using information; (B) [a]ttending and completing tasks; (C) [i]nteracting and relating with others; (D) [m]oving about and manipulating objects; (E) [c]aring for [himself]; and (F) [h]ealth and physical well-being." 20 C.F.R. § 416.913(a)(2)(ii) (citations omitted).

When evaluating medical opinions, the ALJ must consider factors set forth in 20 C.F.R. § 416.920c(c)(1)–(5). *See generally Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (summarizing the medical opinion evaluation process for disability claims filed after March 27, 2017). "The ALJ is not required to explain how []he considered each of the relevant factors; instead, when articulating [his] finding about whether an opinion is persuasive, the ALJ need only explain how []he considered 'the most important factors' of supportability and consistency." *Corbin v. Kijakazi*, No. 2:20-CV-60-M, 2022 WL 990487, at *2 (E.D.N.C. Mar. 31, 2022). "Supportability is the degree to which a provider supports their opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the

record." *Oakes*, 70 F.4th at 212. Generally, the ALJ must explain how the evidence led to his conclusions. *Arakas v. Comm'r of SSA*, 983 F.3d 83, 95 (4th Cir. 2020) ("To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." (quoting *Monroe*, 826 F.3d at 189)); *Mascio*, 780 F.3d at 637.

There is no medical opinion (as that term is defined by regulation) in the record from Dr. Coltrain, so the ALJ cannot have erred by failing to properly evaluate this opinion. The only portions of the record relating to Dr. Coltrain are treatment notes (R. 328–33, 338–40, 344–46) and notes from an Attention Deficit Hyperactivity Disorder ("ADHD") evaluation (R. 286–91, 353–58). Neither the treatment notes nor the ADHD evaluation express opinions about D.G.H.'s limitations or restrictions in the domains of functioning identified in 20 C.F.R. § 416.913(a)(2)(ii). There are also no medical opinions from other medical providers at Dr. Coltrain's pediatrics practice. Accordingly, Plaintiff's argument should be rejected.

Out of an abundance of caution and being mindful of Plaintiff's pro se status and D.G.H.'s status as a minor child, the undersigned has reviewed the administrative record in this case, including the ALJ's evaluation of other opinion evidence in the record. The undersigned discerns no way in which the ALJ's discussion of the opinion evidence fails to comport with applicable law and regulations. (*See* R. 22–24.) More generally, the ALJ sufficiently explained how the evidence led to his conclusions, thereby facilitating meaningful review. *See Arakas*, 983 F.3d at 95. The ALJ applied the correct legal standards, and his factual findings

are supported by substantial evidence. Accordingly, the Commissioner's decision should be upheld. *See id.* at 94.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that the Commissioner's decision be AFFIRMED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 31, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district

judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 14th day of August 2026.

KIMBERLY A. SWANK
United States Magistrate Judge